United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRNA LIM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY & COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants.　　　　　　／ | No. C 09-5083 CRB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL AND GRANTING DEFENDANTS' MOTION TO DISMISS** |

　　　Pro se Plaintiff Myrna Lim brings this civil rights action against the City and County of San Francisco, the San Francisco Ethics Commission, and eight members of that Commission. Lim alleges fifteen causes of action arising under various federal, state, and local laws. Now pending before this Court are Lim's Motion to Disqualify Defense Counsel and Defendants' Motion to Dismiss Lim's Complaint.

　　　For the reasons discussed below, the Court DENIES Lim's Motion to Disqualify Counsel and GRANTS Defendants' Motion to Dismiss. Moreover, because Lim conceded at oral argument that there are no additional facts that she could include in an amended complaint, the Court finds that providing leave to amend would be futile. Accordingly, the Court grants Defendants' Motion to Dismiss without leave to amend.

## I. BACKGROUND

Plaintiff Myrna Lim is a Filipino American woman of Chinese descent. Compl. at ¶ 15.[1] She was appointed to the San Francisco Planning Commission in 2001 and served as a commissioner until 2002. Compl. at ¶ ¶ 15, 26.

In 2004, Lim ran for a seat on the San Francisco Board of Supervisors. Compl. at ¶ 17. She lost, and, two years later, the San Francisco Ethics Commission assessed her a fine of $3,885 for failing to timely file required campaign finance reports during her 2004 campaign. *Id.* The Commission refused Lim's request for a waiver of these fines, despite having granted waivers to other candidates and campaigns in the past. *Id.*

In April 2007, while Lim was preparing for another run for the Board of Supervisors, the Ethics Commission sent her a letter informing her that it had conducted an investigation into an ethics complaint that had been lodged against her. Cmplt. at ¶ 21, Ex. 4. The complaint alleged that Lim had violated San Francisco Campaign and Governmental Conduct Code Section 3.222 by entering into a private contract with the City College of San Francisco while serving as a commissioner on the City's Planning Commission. *Id.* In its letter to Lim, the Ethics Commission stated that it had "determined that there [was] sufficient evidence to indicate that [Lim had] committed a technical violation of section 3.222." *Id.* Despite this finding, however, the Commission informed Lim that it had dismissed the complaint and planned to take "no further action" against her. *Id.*

Three months after receiving the letter, Lim asked the Commission to the disclose the complete record of its investigation. Compl. at Ex. 10. Though the Commission provided Lim with several documents, it refused to provide the entire record of its investigation. *Id.* The Commission stated that it would not supply certain documents because those documents were "confidential" or otherwise privileged. *Id.*

Lim responded by filing a complaint against the Commission with the City's Sunshine Ordinance Task Force. Compl. at ¶ 30. In October 2007, the Task Force issued an "Order of

---

[1] For purposes of a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *See Wyler-Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir.1998)

2

Determination" in which it found that the Ethics Commission had violated San Francisco's Sunshine Ordinance by not providing Lim with all of the requested documents. Compl. at ¶ 34, Ex. 14. It therefore ordered the Commission to disclose the complete record of its investigation within five days. *Id.*

After the Ethics Commission again refused to disclose the requested documents, Lim filed suit in California Superior Court in February 2008, seeking "to enforce her rights under the California Public Records Act." Compl. at ¶ 37.

Six months later, in August 2008, Lim asked the Superior Court to stay the proceedings in her case so that she could concentrate on the upcoming Board of Supervisors Election. Compl. at ¶ 41. The stay was approved in October 2008. Compl. at ¶ 42.

Despite the stay, Lim again lost the election. Compl. at ¶ 45. She maintains that "Defendants' false allegation against [her] prevented her from raising the necessary campaign funds from donors to fund her campaign." Compl. at ¶ 44. She further contends that the defendants "and their allies" conspired to publish "hit pieces" against her campaign, enlisting the help of news outlets like the San Francisco Chronicle. Compl. at ¶ 43.

In June 2009, seven months after the election, Lim amended her Superior Court complaint to include various civil rights causes of action against the Commission. Compl. at ¶ 53. Included among these new causes of action was a claim for malicious prosecution. *Id.*

The Superior Court subsequently granted Defendants' motion to strike these and Lim's previous causes of action, but provided Lim with leave to amend. *Id.* Rather than amend her Superior Court complaint, however, Lim voluntarily dismissed her state action, and, in October 2009, filed the present action. *Id.*

## II. DISCUSSION

Now pending before the Court are two motions. The first is Lim's Motion to Disqualify Defendants' Counsel, the San Francisco City Attorney. The second is Defendants' Motion to Dismiss Lim's Complaint. For the reasons discussed below, the Court denies Lim's motion and grants the Defendants'.

3

### A. Lim's Motion to Disqualify Defense Counsel

Lim has moved to disqualify the Defendants' counsel, the San Francisco City Attorney. To bring such a motion, Lim must first establish that she has been previously represented by the City Attorney "in a manner giving rise to an attorney-client relationship." *See Civil Service Commission v. Superior Court*, 163 Cal. App. 3d 70, 76-77 (1984) ("Before an attorney may be disqualified from representing a party in litigation because his representation of that party is adverse to the interest of a current or former client, it must first be established that the party seeking the attorney's disqualification was or is 'represented' by the attorney in a manner giving rise to an attorney-client relationship."); *see also Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1160 (N.D. Cal. 2006) ("Motions to disqualify counsel are decided under state law.").

In her motion to disqualify the City Attorney, Lim does not allege that she currently has or has ever previously had a personal attorney-client relationship with the San Francisco City Attorney. At oral argument, she conceded that no such relationship has ever existed. Accordingly, this Court finds that Lim lacks standing to bring a motion to disqualify Defendants' counsel. Her motion is therefore DENIED.

### B. Defendants' Motion to Dismiss

Defendants have moved to dismiss all fifteen of Lim's causes of action, eight of which arise under federal law. The Court agrees with Defendants that Lim has failed to allege a plausible federal cause of action. In addition, because Lim stated at oral argument that there are no additional facts that she could include in an amended complaint, the Court finds that granting Lim leave to amend her federal claims would be futile. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (noting that "leave to amend need not be granted when amendment would be futile"). The Court therefore dismisses Lim's federal law claims with prejudice.

Once Lim's federal claims are dismissed, the initial basis for the Court's subject matter jurisdiction over this case, federal question jurisdiction, no longer exists. While this Court could elect to maintain jurisdiction over Lim's remaining state and local law claims

4

under 28 U.S.C. § 1367, it chooses not to do so. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction"). Accordingly, Lim's state and local claims are dismissed for lack of subject matter jurisdiction.

### 1.  Legal Standard

For a complaint to survive a motion to dismiss, the nonconclusory factual content of the complaint (plus reasonable inferences drawn from that content) must plausibly suggest a claim entitling the plaintiff to relief. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

> A claim has facial plausibility ... when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (quoting *Ashcroft v. Iqbal*,129 S.Ct. 1937, 1949 (2009)).

Where, as here, the plaintiff is a pro se litigant, the plaintiff's complaint is "to be liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

### 2.  First Cause of Action: Violation of 42 U.S.C. § 1981

Section 1981 "protects the equal right of 'all persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (quoting 42 U.S.C. § 1981(a)). "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights. Such a contractual relationship need not already exist, because § 1981 protects the would-be contractor along with those who already have made contracts." *Id.* at 476.

In her Complaint, Lim fails to identify any actual or potential contractual relationships that were impaired by the Defendants' alleged conduct. At oral argument, Lim conceded that

Defendants' alleged acts have not adversely affected her contractual relationships. Accordingly, Lim's § 1981 claim is dismissed with prejudice.

### 3. Second Cause of Action: First Amendment Violation

In her second cause of action, Lim asserts that Defendants violated her First Amendment rights by "disparately assess[ing] her fines as a vindictive retaliation" for her criticism of the City government and Mayor Gavin Newsom. Compl. at ¶ 63.

To state a First Amendment retaliation claim, the plaintiff must, among other things, establish that her "expressive conduct was a substantial or motivating factor for the adverse action" taken by government officials. *See Marez v. Bassett*, 595 F.3d 1068, 1074 (9th Cir. 2010). Lim's conclusory allegations are insufficient to establish plausibly that her expressive conduct was a "substantial or motivating factor" behind the Ethics Commission's decision to assess her $3,885 in fines for violating the City's campaign finance laws.

First, Lim acknowledges in her Complaint that she committed the infractions that led the Ethics Committee to assess the relevant fines. Compl. at ¶ 17, Ex. 1. In other words, Lim does not dispute that the City had a valid basis for imposing the fines. Second, Lim fails to identify what statements she made that were critical of the San Francisco government or when those statements were made. Third, Lim fails to allege that the member or members of the Ethics Commission who imposed the fines were aware of her criticisms of the San Francisco government prior to their imposition of the fines. Nor does she allege any other facts that establish a nexus between her alleged expressive conduct and the Commission's decision to assess at issue.

In short, Lim has failed to allege facts sufficient to state a plausible First Amendment retaliation claim. She concedes that she committed the unlawful acts that led to the imposition of the fines at issue. At the same time, she fails to provide any details regarding her alleged expressive activity or the connection between that activity and the Commission's decision to assess a fine. As a result of these deficiencies, Lim's First Amendment claim is dismissed.

### 4. Third Cause of Action: Deprivation of Rights Protected by the Equal Protection Clause

Lim alleges that the Defendants deprived her of her equal protection rights when, on account of her race and gender, they (1) refused to provide her with public financing for her 2008 election campaign and (2) "targeted [her] with [a] false accusation." Compl. at ¶ 66. Lim's conclusory allegations again fail to state a valid claim.

A plaintiff alleging an equal protection violation must set forth facts that, if true, would plausibly establish that: (1) the "defendants treated [plaintiff] differently from others similarly situated; (2) this unequal treatment was based on an impermissible classification; (3) the [] defendants acted with a discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification." *Moua v. City of Chico*, 324 F. Supp. 2d 1132, 1137 (E.D. Cal. 2004).

To support her allegation that the City violated the Equal Protection clause when it denied her access to public financing, Lim states only that she was denied public funds, "whereas, defendants granted almost all the candidates in the District 11 race hundreds of thousands of dollars; defendants even gave a candidate who only garnered 300 votes $30,000 of the taxpayers' monies." Compl. at ¶ 66. The mere fact that some candidates received public financing while Lim did not does not establish a plausible equal protection violation. Nothing in Lim's complaint indicates that the other candidates were similarly situated to her. More importantly, the Complaint lacks any factual allegations that plausibly suggest that the Defendants were motivated by a discriminatory animus when they denied her access to public funds. Lim does not allege even that the candidates who received public funding were male or non-Filipinos. In addition, the Court notes that, under San Francisco law, a candidate may be denied public funding for a number of valid reasons, including the candidate's failure to pay outstanding fines that were assessed for violations of the City's campaign finance laws. *See* San Francisco Campaign & Governmental Conduct Code § 1.140. Without more than the bare assertion that the Defendants were motivated by a race-

7

or gender-based animus, this Court cannot reasonably infer that the City's decision to deny Lim public funding was an act of intentional discrimination.

Lim similarly fails to allege facts sufficient to demonstrate that the Ethics Commission was motivated by a discriminatory animus when it notified her that she had committed a technical violation of San Francisco Campaign and Governmental Conduct Code Section 3.222. She states only that "Racist white men targeted [her] because they did not want a Filipino and a woman in the Board of Supervisors" and that "Defendants and their political allies want to keep Filipinos subservient to their political will." Compl. ¶ 58, 66. These vague and conclusory assertions do not make out a plausible equal protection claim.

Because she has failed to state a plausible claim, Lim's equal protection cause of action is dismissed.

### 5. Fourth Cause of Action: Fourth Amendment Violation

Lim conceded at oral argument that she has failed to assert a valid Fourth Amendment claim. Specifically, she acknowledged that she has not been the subject of either a search or seizure conducted by the Defendants. The Court therefore dismisses Lim's Fourth Amendment claim.

### 6. Fifth & Sixth Cause of Action: Due Process Violation

In her fifth and sixth cause of action, Lim alleges that the Defendants violated her procedural due process rights by "smear[ing] her good reputation of honesty, honor and integrity . . . without probable cause, [and] without notice and a hearing." Compl. at ¶ 72.

To state a procedural due process claim, the plaintiff must show, as an initial matter, that she possessed a constitutionally protected liberty or property interest. *See WMX Technologies, Inc. v. Miller*, 197 F.3d 367, 373 (9th Cir. 1999).

Here, the only "liberty interest" that Lim identifies is an interest in her "good reputation." "[R]eputation alone is not an interest protected by the Constitution." *Id.* (citing *Paul v. Davis*, 424 U.S. 693 (1976)). Accordingly, Lim has failed to state a procedural due process claim.

### 7. Seventh Cause of Action: Malicious Prosecution

Lim's seventh cause of action, a § 1983 claim for malicious prosecution, is based on the Ethics Commission's prosecution of her alleged violation of San Francisco Campaign and Governmental Conduct Code § 3.222.

Lim's malicious prosecution claim is barred by the applicable statute of limitations. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions." *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004). The relevant statute of limitations under California law is two years. *See id.*; *see also Stavropoulos v. Superior Court*, 141 Cal. App. 4th 190, 192 (2006) (holding that malicious prosecution actions are subject to a two-year statute of limitations period under California law). Moreover, a malicious prosecution action accrues under federal law when "the [allegedly unlawful] case has been terminated in favor of the accused" and the plaintiff "knows, or should know" that the action has been terminated. *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981); *see also id.* (noting that "[w]hile state law determines the period of limitations, federal law determines when a cause of action accrues").

The statute of limitations on Lim's malicious prosecution claim began to run in April 2007 when Lim learned, in a letter from the Ethics Commission, that the Commission had dismissed the complaint against her and that it was taking "no further action" in the matter. Compl. at ¶ 21, Ex.4. At that point, Lim knew or should have known that the Commission's case against her had been terminated in her favor. The limitations period expired two years later, in April 2009. Because Lim did not file the current action until October 2009, her claim is time-barred.

Arguing to the contrary, Lim asserts that the statute of limitations on her malicious prosecution claim was tolled during the pendency of her state lawsuit, a lawsuit that she voluntarily dismissed. Even if this highly dubious proposition is correct, however, it is no help to Lim. She states in her Opposition to Defendants' motion that she filed her malicious prosecution claim in California state court in June 2009. Opp. at 9. As noted, the statute of limitations on her federal malicious prosecution claim expired in April 2009, two months

9

earlier. Thus, the limitations period on Lim's federal cause of action had run by the time she filed her claim in state court, rendering any possible tolling argument moot.

### 8. Eighth Cause of Action: Conspiracy to Violate Lim's Constitutional Rights

In her final federal cause of action, Lim alleges that the Defendants conspired to deprive her of her civil rights, in violation of 42 U.S.C. § 1983. Specifically, Lim asserts that "[t]he Defendants conspired with each other behind closed doors by aiding, abetting and ratifying acts as alleged above." Compl. at ¶ 83.

To properly state a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must allege "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of [the plaintiff's] constitutional rights." *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir.1997). As discussed above, the allegations in Lim's Complaint do not demonstrate that she was deprived of her constitutional rights. As a result, her conspiracy claim, like her other federal claims, fails. *See Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 739 (9th Cir. 1987) (holding that the "insufficiency of [plaintiff's] allegations to support a section 1983 violation precludes a conspiracy claim predicated upon the same allegations.").

### 9. Lim's Remaining State and Local Law Claims

Lim's remaining seven causes of action all arise under state and local law. The Court declines to exercise supplemental jurisdiction over these claims and therefore dismisses them for lack of subject matter jurisdiction.

The Court's subject matter jurisdiction over this action was initially premised on Lim's federal claims. *See* Compl. at ¶ 1 ("This court has subject matter jurisdiction over this complaint because it arises under the laws of the United States . . . ."). Having dismissed those claims with prejudice, federal question jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(3) no longer exists. In such circumstances, the Court may decline to exercise supplemental jurisdiction over any remaining state and local law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). The

1  Court chooses to do so here.  Accordingly, Lim's remaining claims are dismissed for lack of
2  subject matter jurisdiction.

### CONCLUSION

For the reasons discussed above, Lim's federal claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state and local law claims.  Those claims are therefore dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**



Dated: May 4, 2010

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2009\5083\Order Mtn to Dismiss, Mtn to Disqualify Counsel.frm

11